# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:13-CV-279 |
| v. | ) | |
| | ) | |
| SUSAN L. GAGNE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before this Court is Plaintiff's Motion for Judgment on the Pleadings. [DE 5]  This is an action brought by the United States, on behalf of the United States Department of Agriculture, for *in rem* relief to foreclose a mortgaged real estate in Starke County, Indiana.  The defendant answered the complaint and admitted each of the allegations in it, and admitted that the judgment asked for by the United States was appropriate [DE 3].  For the reasons set forth below, this Court **GRANTS** Plaintiff's Motion for Judgment on the Pleadings and all additional relief requested in Plaintiff's Complaint.

## BACKGROUND

On July 9, 2009, Defendant, Susan L. Gagne, executed a promissory note in favor of the United States Department of Agriculture in the principal amount of $56,000.00 [DE 1-1].  The note calls for payment of interest and advances [*Id*.].  To secure the note, Gagne executed a mortgage on real estate commonly known as 10851 E. Seneca, Walkerton, Indiana 46574 [DE 1-2].  The mortgage was recorded on September 23, 2009, in the Office of the Recorder of Starke County as Document 2009003264 [*Id*.].

On the same day the promissory note was executed, Gagne and the Department of Agriculture executed a Subsidy Repayment Agreement. [DE 1-3] The agreement allowed some

of the interest under the note to be credited so long as the property was occupied and no default existed, but in the event of default or abandonment, the credited interest had to be recaptured as a charge against the real estate [*Id*.] The United States is the holder of the aforementioned note and mortgages. [*Id*.]

There is due under the note and mortgage the sum of $56,050.66 in principal, $2,366.50 in interest and $2,032.44 in recaptured interest, totaling $60,449.60, plus accruing interest from September 17, 2012, to date of judgment at $7.09 per day [DE 1 at 2]. The amount due as of October 18, 2013, was $62,257.24; however, Gagne was discharged from personal liability on the note by reason of a discharge entered following a petition for bankruptcy relief under Chapter 7 of the Bankruptcy Act [*Id*.].

On April 8, 2013, Plaintiff filed a Complaint requesting an *in rem* judgment against the real estate, an order declaring that the mortgage of the United States have priority over the interests of all parties to the case, and an order for the Marshal to sell the real estate at a foreclosure sale and to pay the proceeds of the sale toward payment of the Plaintiff's judgment [*Id*.]. One month later, on May 8, 2013, Defendant filed an Answer to Plaintiff's Complaint, admitting each and every allegation laid out in the Complaint [DE 3]. As a result, Plaintiff filed a Motion for Judgment on the Pleadings on October 18, 2013 [DE 5].

## DISCUSSION

Plaintiff moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. In considering such a motion, the Court must apply the same legal standards that govern motions to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *R.J. Corman Derailment Servs., LLC v. Int'l Union of*

*Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir 2003). A motion under Rule 12(c) is not granted "unless it appears beyond a doubt that the non-moving party cannot prove any facts that would support his claim for relief." *Id.* (citations and alterations omitted). When ruling on a Rule 12(c) motion, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

It should be noted that paragraphs 3 through 9 of the Defendant's Answer repetitiously read, "Defendant admits the allegation in rhetorical Paragraph 3 of Plaintiff's Complaint" [DE 3 at ¶ 3-9], instead of admitting to each sequentially numbered paragraph of the Complaint. However, this appears to be a simple typographical error and the time for Gagne, who is represented by counsel, to dispute the United States' assertion that she has admitted each of the averments in the Complaint, has passed. Moreover, the final paragraph in Defendant's Answer admits that an *in rem* judgment against the real estate, is appropriate, so this Court construes Paragraphs 1 through 9 of Defendant's Answer as being admissions of each corresponding allegation in Plaintiff's complaint.

Seeing that Plaintiff's allegations are uncontested by Defendant, and because this Court is to accept as true all well-pleaded allegations in Plaintiff's complaint, it is clear that Plaintiff is entitled to the relief requested in its Complaint and that Plaintiff's Motion for Judgment on the Pleadings should be **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. That Plaintiff is entitled to the relief requested in its complaint; accordingly, Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**.

2.  That Plaintiff have and recover from Defendant judgment *in rem* in the amount of $60,449.60.

3.  That Plaintiff is entitled to foreclose its mortgage on the real property described in paragraph 4 below.

4.  That the equity of redemption, and any and all interest of the Defendant and all persons claiming by, through or under her in and to the real estate described below is forever barred and foreclosed:

> LOT NUMBER EIGHT (8), BLOCK 16 IN SIMPSON AND FROST'S ADDITION TO KOONTZ LAKE, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 1, PAGE 232 AND 233 IN THE OFFICE OF THE RECORDER OF STARKE COUNTY, INDIANA.
>
> ALSO A PARCEL OF LAND LOCATED IN BLOCK 16 OF SIMPSON & FROST ADDITION TO KOONTZ LAKE AS RECORDED IN PLAT BOOK 1, PAGES 232 AND 233, OREGON TOWNSHIP, STARKE COUNTY INDIANA, MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> BEGINNING AT THE NORTHEAST CORNER OF THE WEST 10 FEET OF LOT 9, IN BLOCK 16, SIMPSON & FROST ADDITION TO KOONTZ LAKE; THENCE SOUTH 89 31'15" EAST (BASIS OF BEARINGS) ON THE NORTH TINE OF SAID BLOCK 16, A DISTANCE OF 5.16 FEET TO A MAGNETIC MASONRY NAIL; THENCE SOUTH 00 02'16" WEST, A DISTANCE OF 61.84 FEET TO A CAPPED 5/8 INCH IRON REINFORCING ROD; THENCE SOUTH 04 53'22" WEST A DISTANCE OF 13.71 FEET TO A MAGNETIC MASONRY NAIL; THENCE SOUTH 01 26'28" EAST, A DISTANCE OF 24.55 FEET TO A CAPPED 5/8 INCH IRON REINFORCING ROD ON THE SOUTH LINE OF SAID LOT 9; THENCE NORTH 89 31'15" WEST ON SAID SOUTH LINE, A DISTANCE OF 4.57 FEET TO THE SOUTHEAST CORNER OF SAID WEST 10 FEET OF LOT 9; THENCE NORTH 00 00'00" EAST ON THE EAST LINE OF SAID WEST 10 FEET OF LOT 9, A DISTANCE OF 100.04 FEET TO THE POINT OF BEGINNING.

Commonly known as: 10851 E. Seneca, Walkerton, Indiana 46574.

5.  That the aforementioned real estate and all right, title and interest and claim of the Defendant and of all persons claiming by, through or under her in and to the same, be sold by the

United States Marshal for the Northern District of Indiana, in accordance with the laws governing foreclosure of real estate mortgages, without relief from valuation and appraisement laws; and that the Marshal, after the Court's confirmation of sale, shall issue a Marshal's Deed to the purchaser or purchasers thereof.

6.  That the United States of America may become a purchaser at such sale of any part of or all of the mortgaged property and may make payment therefor with such part of its judgment which was secured by the subject real estate. That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale.  The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale.  The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale.

7.  That the proceeds from the sale of the real estate described above shall be applied as follows:

    (a)      First, to the payment of all costs and accruing costs herein;

    (b)      Next, to the payment of the judgment in favor of the Plaintiff as specified in paragraph 2 above;

    (c)      Next, the overplus, if any, remaining after the payment of the foregoing, shall be paid to the Clerk of the Court to be disposed of as the Court shall thereafter direct.

8.  That the purchaser or purchasers at said sale shall be entitled to receive the deed to said real estate from the United States Marshal upon confirmation of said sale by the Court; and the said deed or conveyance shall forever bar and foreclose all of the right, title and interest of each and all of the defendants, and of all persons claiming by, under or through them in and to said real estate.

9.     In addition to issuing a deed or conveyance to the purchaser(s) the United States Marshal, following Court confirmation of the sale, shall be authorized, if required for clear title, to provide the purchaser(s) with an appropriately completed disclosure form showing the United States Marshal as the "Seller" of the foreclosed property.

**SO ORDERED**.
ENTERED: March 6, 2014

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT